UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANWAR DUNGY,

    Plaintiff,

vs.

UNITED PARCEL SERVICE,
INC., a foreign corporation,

    Defendant.

Case No.
Hon.

ALSPECTOR, SOSIN & NOVECK, PLLC
ROBERT M. SOSIN (P35414)
DANIEL NOVECK  (P28087)
Attorneys for Plaintiff
30100 Telegraph Road, Suite 360
Bingham Farms, MI  48025-4517
(248) 642-3200
robert@asnlaw.com
daniel@asnlaw.com

**COMPLAINT**
-and-
**DEMAND FOR JURY TRIAL**

Complaint

NOW COMES the above-named Plaintiff, by his attorneys, ALSPECTOR, SOSIN & NOVECK, PLLC, and for his Complaint against the above-named Defendant states as follows:

1. Plaintiff ANWAR DUNGY ("Plaintiff") is a resident of the City of Farmington Hills, Oakland County, Michigan.

2. Plaintiff is informed and believes and therefore avers that Defendant

UNITED PARCEL SERVICE, INC. ("Defendant"), is and at all times pertinent herein has been a foreign corporation authorized to conduct business in the State of Michigan, conducting business extensively throughout the State of Michigan, including Customer Service Centers in Wayne and Oakland Counties, and otherwise has purposely availed itself of the privilege of conducting business throughout the State of Michigan and is subject to the personal jurisdiction of this Court.

3. This is an action to enforce civil rights pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 USC § 2000e et seq. ("Title VII") and the Elliott-Larsen Civil Rights Act ("ELCRA"), MCL 37.2101, et seq., arising out of Plaintiff's employment with Defendant.

4. This Court has jurisdiction over the subject matter of this action pursuant to 42 USC § 2000e-5 and 28 USC § 1331 and 1343(4).

5. Plaintiff was employed by Defendant from about April 2008 until December 2018 when Defendant wrongfully terminated his employment in violation of his civil rights.

6. Plaintiff is African American.

7. Plaintiff was employed as a mechanic at Defendant's terminal located in the City of Livonia, Wayne County, Michigan.

2

8. Of the approximately twenty mechanics at the Defendant's Livonia terminal in 2018, only two were African-American.

9. Throughout the course of his employment with Defendant, Plaintiff performed his job duties in a capable and competent manner.

10. For the last years of his employment with Defendant, Plaintiff was subjected by Defendant to racially discriminatory treatment in comparison to similarly-situated Caucasian co-workers.

11. For example, Defendant suspended Plaintiff's employment for being involved in a motor vehicle accident while driving one of Defendant's vehicles, even though Defendant knew the other driver involved in the accident was drunk and determined to be at fault for the accident.

12. Defendant, primarily through supervisor Scott Rice, wrote up and otherwise disciplined Plaintiff for alleged job infractions when Defendant did not discipline at all (or did not discipline as severely) Plaintiff's Caucasian co-workers for the same alleged conduct and mistakes.

13. Defendant retained the discipline on Plaintiff's employment record for periods of time much longer than Defendant maintained such discipline on the records of Plaintiff's Caucasian co-workers, in violation of Defendant's own rules.

14. Plaintiff complained to Defendant on several occasions about being

treated differently (worse) than similarly-situated Caucasian co-workers; however, rather than such discriminatory treatment stopping, Defendant retaliated against Plaintiff by intensifying such mistreatment.

15. The frequency and severity of Defendant's unjustified write-ups and other discipline of Plaintiff (especially in the face of Plaintiff's Caucasian co-workers being treated by Defendant so much more favorably) became intolerable for Plaintiff to take, so he "resigned" under threat of termination (which termination letter from Defendant came very shortly thereafter).

16. Defendant knew or should have known that the alleged justification for its discipline, retaliation, constructive termination and/or termination of Plaintiff was a pretext, and/or was motivated by Defendant's racial animus toward Plaintiff, and/or was motivated by Defendant's retaliatory animus toward Plaintiff.

17. Defendant discriminated against Plaintiff by treating him differently (worse) than similarly-situated Caucasian employees.

18. Defendant levied discipline (including constructive termination and/or termination) against Plaintiff for pretextual reasons that Defendant knew or reasonably should have known were invalid and not deserving of termination.

19. Plaintiff timely filed a charge of racial discrimination and retaliation with the Equal Employment Opportunity Commission (EEOC) and he brings this

action within 90 days of receiving his notice of right to sue from the EEOC.

20. At all times pertinent herein, Defendant and its agents, servants and employees owed to Plaintiff the duty to observe the statutes of the United States and the State of Michigan, including but not limited to Title VII and ELCRA, all applicable local ordinances, the common law in such case made and provided, and the contractual obligations and undertakings of the parties, Plaintiff having fully performed all things by him to be performed thereunder.

21. However, Defendant and its agents, servants and employees breached and disregarded their duties owing to Plaintiff herein in various ways and manners including but limited to the following: by wrongfully terminating and/or constructively terminating Plaintiff's employment; by wrongfully terminating and/or constructively terminating Plaintiff's employment based in whole or in part on Plaintiff's race; by wrongfully terminating and/or constructively terminating Plaintiff's employment in retaliation for Plaintiff's protected activity; by wrongfully terminating and/or constructively terminating Plaintiff's employment based on fabricated and/or exaggerated charges against Plaintiff that were different (worse) than the charges Defendant brought against similarly-situated Caucasian co-workers of Plaintiff; by wrongfully terminating and/or constructively terminating Plaintiff's employment when Defendant knew or should have known

5

that the alleged justification for terminating Plaintiff was a pretext, and was motivated by Defendant's retaliatory animus toward Plaintiff; by discriminating against Plaintiff because Plaintiff opposed acts and/or practices made unlawful by Title VII and/or ELCRA, including the discriminatory and inequitable treatment that he suffered in comparison to his similarly-situated Caucasian counterparts; by discriminating against Plaintiff because Plaintiff opposed acts and/or practices that Plaintiff reasonably and in good faith believed were unlawful under Title VII and/or ELCRA, including the discriminatory and inequitable treatment that he suffered in comparison to his similarly-situated Caucasian counterparts; by discriminating against Plaintiff because Plaintiff made various charges and accusations of discrimination against Defendant; by discriminating against Plaintiff by treating him differently (worse) than similarly-situated employees who had not engaged in protected activity similar to Plaintiff; by levying discipline (including termination and/or constructive termination) against Plaintiff for pretextual reasons Defendant knew or reasonably should have known were invalid and/or not worthy of termination; by wrongfully terminating and/or constructively terminating Plaintiff's employment based, in whole or in part, on Plaintiff's opposition to Defendant's unlawful employment practices; by wrongfully terminating and/or constructively terminating Plaintiff's employment based, in whole or in part, on

6

Plaintiff's charge of discrimination against one or more of Defendant's employees; by wrongfully making Plaintiff's race a difference in Defendant's decision to discipline and/or fire him; by wrongfully making Plaintiff's protected activity a difference in Defendant's decision to discipline and/or fire him; by retaliating against Plaintiff for asserting his right to be free from a racially hostile and/or discriminatory work environment; by accusing Plaintiff of conduct for which Defendant knew or should have known Plaintiff was not responsible; by ignoring the evidence demonstrating Plaintiff had not engaged in the activities for which he allegedly was disciplined and/or terminated; by ignoring the evidence demonstrating Plaintiff had capably and competently performed his job at all times; and by otherwise failing to adhere to Defendant's legal and contractual duties and obligations owing to Plaintiff herein.

22.     A direct, natural and proximate result of one or more of the afore-described acts and/or omissions of Defendant and/or its agents, servants and employees, either singly or in combination with each other, Plaintiff was caused to suffer serious injuries, losses and damages and likely will be caused to so suffer in the future; and Plaintiff was caused to lose and to be deprived of his employment with Defendant and thereby lose the benefit, use and enjoyment of the income and other benefits derived from such employment, and he likely will suffer such losses

in the future; and Plaintiff has suffered, and likely will suffer in the future, great embarrassment, humiliation, mortification, mental anguish, mental and emotional suffering, anxiety, worry and discomfort; and Plaintiff has been deprived of, and in the future likely will be deprived of, many of the pleasures and comforts of life; and Plaintiff has been caused to expend and incur, and likely in the future will be required to expend and incur, great cost, expense, inconvenience, anguish, anxiety and time endeavoring to obtain employment comparable to that which he had with Defendant; and Plaintiff has suffered loss and impairment of his reputation and he has suffered loss of earnings and earning ability and capacity as a result of the wrongful acts and omissions of Defendant herein, and he may so suffer such losses and impairments in the future; and Plaintiff has expended and incurred, and in the future likely will so expend and incur, substantial sums of money and time on attorney fees and costs in an effort to enforce his rights pursuant to Title VII and/or ELCRA; and Plaintiff otherwise has suffered and likely will so suffer in the future great injuries and damages as a result of such wrongful conduct by Defendant herein.

WHEREFORE, Plaintiff asks for Judgment against Defendant in a sum greatly in excess of Five Hundred Thousand ($500,000.00) Dollars, along with all applicable costs, interest, and attorney fees pursuant to Title VII and ELCRA.

Respectfully submitted,

ALSPECTOR, SOSIN & NOVECK, PLLC

Dated: March 17, 2021

By: /s/ Robert M. Sosin
 ROBERT M. SOSIN P35414
 DANIEL NOVECK P28087
 Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

NOW COMES the above-named Plaintiff, by his attorneys, ALSPECTOR, SOSIN & NOVECK, PLLC, and hereby demands a trial by jury in the above-entitled action.

Respectfully submitted,

ALSPECTOR, SOSIN & NOVECK, PLLC

Dated: March 17, 2021

By: /s/ Robert M. Sosin
 ROBERT M. SOSIN P35414
 DANIEL NOVECK P28087